978 F.2d 1255
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilmot F. O'LOUGHLIN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-2664.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 10, 1992
Decided: October 19, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-90-890-K)
 George M. Chuzi, KALIJARVI & CHUZI, P.C., Washington, D.C., for Appellant.
 Richard D. Bennett, United States Attorney, Dale P. Kelberman, Assistant United States Attorney, Baltimore, Maryland; Gail S. Broder, Office of General Counsel, Washington, D.C., for Appellee.
 D.Md.
 Affirmed.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 William O'Loughlin, a black male naturalized citizen born in the West Indies in 1931, appeals from a district court order granting summary judgment in favor of the Secretary of Health and Human Services in an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-16 (1981 & West Supp. 1992), and the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1988). O'Loughlin alleged that his employer, the Social Security Administration ("SSA") took numerous adverse employment actions against him based on race, sex, age, national origin, and, in some instances, in retaliation for engaging in protected activity. This Court reviews the district court's grant of summary judgment de novo. Miller v. Leathers, 913 F.2d 1085 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3564 (U.S. 1991).
 
 
 2
 Initially, we reject O'Loughlin's contention that the district court erred by granting summary judgment as to O'Loughlin's failure to promote claims. Although O'Loughlin contends that the district court erred by finding that he failed to establish a prima facie case of discrimination, the district court found that even if a prima facie case was established, the SSA articulated legitimate, non-discriminatory reasons for its actions, shifting the burden to O'Loughlin to establish that the reasons given were pretextual. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118 (4th Cir. 1991).
 
 
 3
 The agency averred that it did not promote O'Loughlin because the selectees for the positions at issue were better qualified. O'Loughlin submitted the affidavit of a personnel specialist who opined that O'Loughlin was the best qualified individual for some of the positions, and criticizing some of the criteria used by the agency in making its hiring decisions. O'Loughlin contends that the conflicting evidence in the record regarding who was best qualified for the positions creates a genuine issue of material fact, precluding summary judgment. We disagree.
 
 
 4
 To establish pretext, O'Loughlin had to show that, as between the reasons proffered by the agency for its actions, and the unlawful, discriminatory reasons that O'Loughlin alleged motivated the agency, the unlawful reasons were the more likely. See Lovelace v. SherwinWilliams, 681 F.2d 230, 241 (4th Cir. 1982). The district court found it unnecessary to determine whether O'Loughlin was, in fact, better qualified than the selectees since, even if he was, this fact alone would not establish that the agency's reasons for not promoting him were a pretext for unlawful, discriminatory motives. The district court found that O'Loughlin submitted no evidence, direct, pattern, or otherwise, indicating that the agency would have hired him but for his race, sex, age, national origin, or protected activity. In fact, the evidence indicated that the selectees were a heterogenous group, including males and females of various ages, a black, and a hispanic. O'Loughlin admitted to having no information indicating that the agency's actions were unlawfully motivated, other than his belief that he was more qualified than the selectees. Moreover, sworn statements by selecting officials declared that they had no knowledge when making their decisions that O'Loughlin had previously filed discrimination complaints.
 
 
 5
 Finally, we find that the district court correctly found O'Loughlin's claims concerning his performance plan his January 1989 application and appraisal to be time barred. It was undisputed that he failed to contact an EEO counselor concerning these claims within thirty days as required by 29 C.F.R. § 1613.214 (1991). Moreover, the record does not support O'Loughlin's assertion that his claim concerning the failure to receive a performance appraisal during 1987-1988 should have been consolidated with his pending reprisal claims.
 
 
 6
 Accordingly, the order of the district court is affirmed. The parties' motion to submit this case on the briefs was previously granted, and we therefore dispense with oral argument.
 
 AFFIRMED